[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13049

Non-Argument Calendar

_____

JAMES ALEXANDER LOGAN,

Plaintiff-Appellant,

*versus*

WILLIAM HALL,
Captain,

MICHAEL EPPERLY,
Captain,

HOSS SHOOK,
Sgt.,

PATRICK WILLIAMS,
Officer,

CHARLES ALLEN,

2                        Opinion of the Court                        21-13049

Officer, et al.,

                                                    Defendants-Appellees,

FRANCIS D. OUG,
surgeon specialist,

                                                    Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cv-01358-MMH-MCR

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

James Logan, a *pro se* Florida prisoner, filed a 42 U.S.C.
§ 1983 action against prison officials as well as the inspector general
of the Florida Department of Corrections, alleging primarily that
they used, failed to prevent, or authorized the use of excessive force
against him in violation of the Eighth Amendment. The district
court dismissed Logan's complaint because he failed to exhaust his
administrative remedies. We affirm.

# I

Under the Prison Litigation Reform Act, a prisoner may file suit under § 1983 only after he or she exhausts all available administrative remedies. 42 U.S.C. § 1997e(a). To properly exhaust, a prisoner must comply with prison grievance procedures. *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1208 (11th Cir. 2015).

A prisoner in Florida ordinarily must follow a three-step grievance procedure. *See* Fla. Admin. Code R. 33-103 *et seq.*; *Dimanche v. Brown*, 783 F.3d 1204, 1207 (11th Cir. 2015) ("[S]tate law determines what steps are required to exhaust."). First, he must file an informal grievance within 20 days of when the incident being grieved occurred. Fla. Admin. Code. R. 33-103.005(1), 33-103.011(1)(a). Within 15 days of the response to that grievance—assuming the issue is not yet resolved—the inmate may then file a formal grievance. *Id.* at R. 33-103.006, 33-103.011(1)(b). If the "inmate feels that the grievance has not been satisfactorily resolved during the formal grievance procedure," then he or she may submit an appeal to the Office of the FDOC Secretary no more than 15 days after the inmate receives the response to the formal grievance. *Id.* at R. 33-103.007(1), 33-103.011(1)(c).

To be sure, there are circumstances in which the ordinary grievance procedure may be skipped over. For example, certain "direct grievances"—such as "[e]mergency grievances"—may be brought directly to the FDOC's Secretary. *Id.* at R. 33-103.007(3). Any direct grievances must be brought no later than 15 days after

the "date on which the incident or action which is the subject of the grievance occurred." *Id.* at R. 33-103.011(1)(d).

Logan does not assert that he timely filed an informal grievance relating to the May 13 incident. Instead, he first contends that he exhausted his administrative remedies because his allegations had been referred to the Office of the Inspector General. But, as explained above, that referral is not part of the grievance procedures that Florida law requires for exhaustion. Accordingly, the referral to the Office of the Inspector General did not satisfy Logan's exhaustion requirements.

Logan then asserts that he exhausted his administrative remedies because, on May 17, "he timely filed an emergency grievance pursuant [to Rule] 33-103.006(3) . . . due to the nature of the excessive force." But, as an initial matter, Logan did not raise this argument before the district court and we, therefore, need not consider it for the first time on appeal. *Finnegan v. Comm'r*, 926 F.3d 1261, 1271 (11th Cir. 2019). In any event, Logan does not explain how his May 17 grievance—which related to conduct that had taken place four days earlier—constituted an "emergency" for purposes of Rule 103.006(3). *See id.* R. 33-103.002(4) (defining "Emergency Grievance" as "[a] grievance of those matters which, if disposed of according to the regular time frames, would subject the inmate to substantial risk of personal injury or cause other serious and irreparable harm to the inmate."). We do not believe that past conduct—which Logan did not and does not assert was ongoing—

could constitute an "emergency" sufficient to circumvent the normal grievance procedures.

Finally, Logan arguably contends that the grievance procedure was not "available" to him because he was in self-harm observation status until June 13. "[T]o be 'available' a remedy must be capable of use for the accomplishment of its purpose." *Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008) (cleaned up). Again, and to the extent Logan intends to raise this argument, he does so for the first time on appeal and we need not address it. *Finnegan*, 926 F.3d at 1271. Regardless, Florida's Administrative Code requires that inmates held in special housing units are able to file both formal and informal grievances. *See* Fla. Admin. Code R. 33-103.005(1)(a); 33-103.006(2)(h). Logan doesn't allege that those rules were broken during his time in self-harm observation status. Consequently, the grievance procedure was "available" to Logan.

**AFFIRMED.**[1]

---

[1] Logan also moved to have either the defendants or the district court provide this Court with a video of the May 13 incident. But because we affirm the district court's dismissal on exhaustion grounds, that evidence is irrelevant. Accordingly, Logan's motion is **DENIED**.